**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4081-18T2

TYRONE BOWENS,

    Plaintiff-Appellant,

v.

PETRONILLA BOWENS,

    Defendant-Respondent.

_____

        Submitted February 12, 2020 – Decided  March 6, 2020

        Before Judges Haas and Mayer.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Union County, Docket No. FM-20-0090-12.

        Tyrone Bowens, appellant pro se.

        Petronilla Bowens, respondent pro se.

PER CURIAM

Plaintiff Tyrone Bowens appeals from an April 26, 2019 order denying his post-judgment matrimonial motion to reduce alimony and child support based on changed circumstances. We affirm.

Plaintiff and defendant Petronilla Bowens divorced on October 2, 2012. The parties resolved their disputes in an oral settlement agreement placed on the record on that date. On March 1, 2013, the family court entered an amended judgment of divorce reflecting the parties' oral agreement.

In May 2018, plaintiff filed a motion to reduce his alimony and child support based on changed circumstances. Plaintiff had been a probation officer but was suspended from his job in 2017 due to an altercation with a parolee. Based on that incident, plaintiff realized he would likely be terminated from his job. Therefore, plaintiff elected to resign his position to preserve his pension.

Plaintiff's income subsequent to his resignation decreased to half the salary he earned at the time of the amended judgment of divorce. Plaintiff claimed he applied for a number of jobs electronically but was unable to find work except as a commercial bus driver.

In denying plaintiff's request to modify his support obligations, the judge concluded plaintiff engaged in "reckless conduct," causing him to lose his probation officer position. The judge found "[p]laintiff had worked for decades

2

in his position and was well aware that an altercation with a parolee could result in an adverse job action."   Thus, the judge determined plaintiff "acted in disregard of [the] needs [of his ex-wife and son] when he made the decision that he did," causing him to resign from his high earning job.   Further, the judge found plaintiff's employment situation "temporary in nature" and that plaintiff failed to demonstrate reasonable efforts to locate other work.

On appeal, plaintiff argues the following:

> IN ADJUDICATING "CHANGE[D] CIRCUMSTANCES" AND A MODIFICATION OF A SUPPORT ORDER THE FINDING OF VOLUNTARY CONDUCT RESULTING IN A REDUCTION OF INCOME SHOULD NOT RESULT IN A DENIAL OF AN APPLICATION FOR MODIFICATION OF SUPPORT OBLIGATIONS.

Our scope of review of a Family Part decision is limited.   "Whether an alimony obligation should be modified based upon a claim of changed circumstances rests within a Family Part judge's sound discretion."   Larbig v. Larbig, 384 N.J. Super. 17, 21 (App. Div. 2006).   Similarly, we review an application to modify a child support obligation for abuse of discretion.   See Pascale v. Pascale, 140 N.J. 583, 594-95 (1995).   We will not disturb a Family Part judge's decision on support obligations "unless it is manifestly unreasonable, arbitrary, or clearly contrary to reason or other evidence, or the

A-4081-18T2

result of whim or caprice." Jacoby v. Jacoby, 427 N.J. Super. 109, 116 (App. Div. 2012) (quoting Foust v. Glaser, 340 N.J. Super. 312, 316 (App. Div. 2001)).

Alimony and child support "may be revised and altered by the court from time to time as circumstances may require." N.J.S.A. 2A:34-23. To warrant such a modification, a party must demonstrate "changed circumstances." Lepis v. Lepis, 83 N.J. 139, 150-51 (1980).

After reviewing the record, we affirm substantially for the reasons expressed by Judge Thomas J. Walsh in his April 26, 2019 order and attached statement of reasons. Based on the testimony and exhibits introduced at the testimonial hearing, the judge determined plaintiff failed to demonstrate changed circumstances warranting a modification of his support obligations. The judge's statement of reasons is supported by substantial credible evidence in the record. We discern no abuse of discretion in the denial of plaintiff's request to modify child support and alimony.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION